UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PAUL KALLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1071 |
| | ) | |
| WARDEN S. KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Christopher Paul Ellis. (Doc. 1). For the reasons stated below, the petition is DISMISSED for lack of jurisdiction.

### BACKGROUND

On May 23, 2016, Petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Christopher Paul Ellis*, 15-cr-00022 (S.D. Iowa 2016) (Doc. 53). Ellis was sentenced to 117 months of incarceration to be served consecutively with a revocation sentence imposed in another case. *Id.* On November 4, 2016, Ellis filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 arguing that in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Johnson v. United States*, 135 S.Ct. 2551 (2015), the sentencing court improperly labeled Ellis a career criminal under the Sentencing Guidelines and enhanced his sentence for prior residential burglary convictions in Iowa. *Christopher Paul Ellis v. United States*, 16-cv-00582 (S.D. Iowa 2017) (Doc. 1).

The Iowa District Court dismissed Ellis's § 2255 motion on the merits. It explained that, before sentencing, Ellis and the Government were aware that amendments to the guidelines would go into effect on August 1, 2016, and that *Mathis* was under advisement at the Supreme Court—both of which could significantly affect Ellis's sentence. *Id.* at 2. In light of those circumstances and the uncertainty surrounding *Mathis*, Ellis and the Government agreed to a sentence of 117 months' incarceration, which was an equivalent sentence to what Ellis would have received if *Mathis* had already been decided and the guideline amendments had already been implemented. *Id.* at 4. Ellis therefore suffered no prejudice, and the Court found his guilty plea to have been entered knowingly, intelligently, and voluntarily. *Id.* at 3-4. The Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed Ellis's appeal. *Id.* (Doc. 9).

Ellis now attempts to get a second bite at the apple by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 with this Court, raising the same *Mathis/Johnson* arguments he raised in his § 2255 motion. (Doc. 1). As the Court will explain below, Ellis's petition is nothing more than an attempt to circumvent section 2255's prohibition on second or successive motions and the petition must be dismissed for lack of jurisdiction.

## DISCUSSION

The Seventh Circuit has clearly laid out the relationship between 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Typically, "federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255." *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). When federal prisoners like Ellis have

already filed an unsuccessful § 2255 motion, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a "stringent set of procedures" that the prisoner must follow if he wishes to file a second or successive habeas corpus application. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). "A petitioner is required to seek authorization from the court of appeals to file a 'second or successive' section 2255 motion." *Kramer v. United States*, 797 F.3d 493, 498 (7th Cir. 2015). A prisoner will be barred from filing a second or successive § 2255 motion "except in two narrow circumstances: (1) when newly discovered evidence would establish by clear and convincing evidence that the prisoner is not guilty of the offense for which he was convicted, or (2) when the petition presents a new rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review, that was unavailable to petitioner at the time of his first petition." *Garza*, 253 F.3d at 921.

While § 2255 motions usually challenge the validity of convictions or sentences, habeas corpus petitions under § 2241 typically challenge the manner in which sentences are being executed. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). "[I]n the overwhelming majority of cases § 2255 specifically prohibits prisoners from circumventing § 2255 and challenging their convictions or sentences through a habeas petition under § 2241." *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002). A prisoner can bring a § 2241 petition only if he can show that the § 2255 remedy is inadequate or effective to test the legality of the prisoner's detention. *Garza*, 253 F.3d at 921. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), sets out precisely when secton 2255 is inadequate or ineffective. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;"

3

second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Ellis fails the second requirement under *Davenport*. In his first § 2255 motion, Ellis invoked *Johnson/Mathis* and made the same arguments he attempts to assert now. Section 2255, then, was evidently not an inadequate or ineffective remedy, and § 2241 is therefore not available to Ellis. The Court construes Ellis's petition as an unauthorized effort to file a successive motion under section 2255. Ellis has not received permission from the Seventh Circuit to file a second or successive § 2255 motion, nor can the Court perceive a basis that the Court of Appeals would grant such permission. Ellis has not presented "newly discovered evidence," and he has not raised a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable. The mere fact that Ellis's petition would be barred as a successive petition under section 2255 is not enough to show that section 2255 is inadequate or ineffective; "otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing." *Garza*, 253 F.3d at 921.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's instant Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

CASE TERMINATED.

Entered this 23rd day of February, 2018.

                                                                                            s/ Joe B. McDade
                                                                                          JOE BILLY McDADE
                                              United States Senior District Judge